IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELISSA LARGENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-0567-SSA-CV-W-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Melissa Largent seeks judicial review,[1] of a final administrative decision denying plaintiff Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on April 25, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1969 and was 39 years of age on the date her application for Supplemental Security Income was filed, February 6, 2009. Plaintiff has a high school education and past relevant work as a telemarketer. Plaintiff alleges her disability began June 30, 2005, due to post-traumatic stress disorder (PTSD) with psychosis, anxiety, depression, memory issues, bipolar disorder, seizures and migraines.

The Administrative Law Judge (ALJ) found plaintiff had not engaged in substantial activity since February 6, 2009, the date she filed her application, and that she suffered from the severe impairments of affective mood disorder, anxiety-related disorder and substance addiction disorder. The ALJ determined plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ determined plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not fully credible to the extent they are inconsistent with a residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with non-exertional limitations to account for

2

plaintiff's impairments. The ALJ limited plaintiff to work that does not demand attention to details, or complicated job tasks or instructions, or require cooperation or interaction with the general public; she may work in proximity to others, but is limited to jobs that do not require close cooperation and interaction with co-workers in that she would work best in relative isolation; she retains the ability to maintain attention and concentration for a minimum two-hour period at a time and is able to adapt to changes in the workplace on a basic level and accept supervision on a basic level. Based on this RFC, the ALJ determined plaintiff was unable to perform her past relevant work because that work was semi-skilled in nature, but she could perform all or substantially all of the exertional demands at a given level of exertion with some non-exertional limitations. With the assistance of testimony from a vocational expert, the ALJ determined plaintiff would be able to perform the requirements of representative occupations such as electrical assembly, a light unskilled position; mail clerk, a light unskilled position; and document preparer, a sedentary unskilled position. The ALJ concluded that plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, and therefore, a finding of not disabled was appropriate.

Plaintiff argues the ALJ committed reversible error by failing to properly determine plaintiff's RFC; failing to conduct a proper credibility analysis; and failing to consider her migraines as a severe impairment. Defendant argues the ALJ gave convincing reasons for discounting plaintiff's credibility and those reasons are supported by substantial evidence. Defendant further argues the ALJ's RFC was supported by substantial evidence and plaintiff points to no credible evidence demonstrating any greater restrictions. Additionally, the Commissioner argues that plaintiff's migraines were not a severe impairment because they are too infrequent to justify any additional work-related restrictions.

Upon review, this Court finds there is substantial evidence in the record to support the decision of the Commissioner.

The ALJ did not err in determining plaintiff's migraines were not a severe impairment. A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to perform basic work activities without regard to age, education and/or work experience. See 20 C.F.R. §§ 416.920(c) and 416.921(a). Plaintiff's migraines were not frequent enough to justify any additional work-related restrictions.

The ALJ's determination that plaintiff's substance abuse was a severe impairment was supported by substantial evidence in the record, as was the corresponding RFC. Because the ALJ found that plaintiff was not disabled, even when she was abusing drugs, no special RFC analysis was required. See Brueggeman v. Barnhart, 348 F.3d 689, 694-95 (8th Cir. 2003) (if limitations, including effects of substance-abuse disorders, show disability, then ALJ must next consider which limitations would remain when effects of substance abuse are absent). As to plaintiff's GAF scores, this Court finds that while the ALJ's statement on plaintiff's GAF scores was not exact, this is not a basis for reversal or remand. GAF scores are a subjective determination by a clinician on an individual's level of functioning, and are not essential to determining an individual's RFC. Jones v. Astrue, 619 F.3d 963, 973 (8th Cir. 2010). GAF scores can be helpful in formulating an RFC, but they are not essential or determinative as to the RFC's accuracy. Id. Rather, the RFC is to be based on the entire record, as was properly considered by the ALJ in determining the RFC in this case. The medical records, the opinion of Dr. Kaspar and the record as a whole support the ALJ's RFC determination.

The ALJ did not err in the credibility determination. Here, the ALJ gave valid reasons for discounting plaintiff's credibility. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). An ALJ's adverse credibility determination is entitled to deference. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008) (credibility findings are for the ALJ in the first instance, and when the ALJ explicitly discredits claimant and gives good reasons for doing so, her judgment is entitled to deference).

## Conclusion

Plaintiff has the burden of establishing disability and has failed to do so. There is substantial evidence in the record to support the ALJ's decision that plaintiff is not disabled as defined under the Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed. Dated this 22nd day of May, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge